RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5 / 16 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS WEST | DOCKET NO. 10-CV-1783; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| PAMELA HORN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of Plaintiff Dennis West, filed pro se and *in forma pauperis*. Plaintiff is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names as defendant Pamela Horn. Plaintiff amended his complaint, pursuant to Court order, on March 1, 2011, stating that the only person he wants to sue is Pamela Horn, in her official capacity, as a captain at WNC. He asks for compensatory damages of $150,000 and that Horn be fired from her position.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Statement of the Case*

According to Plaintiff's original complaint, he was involved in an altercation with another inmate on the evening of May 8, 2010. Plaintiff was taken to medical for evaluation. The medical assessment noted no injuries from the liquid substance, but noted swelling and discoloration to the right ankle. Plaintiff was placed in the medical ward on observation to monitor the ankle

injury. [Doc. #1, p.5] Plaintiff states that he knew his leg was broken and he told Defendant Horn, but she had him put in the holding cell while she "decided what to do with him." [Doc. #1, p.3] Plaintiff remained in observation until 5 a.m., at which time he was taken to LSU hospital.

In his amended complaint, Plaintiff clarifies that, during his altercation with the other inmate, he slipped and fell in some water, breaking his right leg. [Doc. #5, p.1] This occurred at approximately 10:15 p.m. Defendant Horn, the shift commander, arrived at the scene shortly thereafter. Plaintiff informed Horn that his leg was broken, and he needed a wheelchair and medical assistance. [Doc. #5, p.2] Horn allegedly replied that Plaintiff should have thought about that before he got into a fight. She refused to provide Plaintiff with a wheelchair. Instead, she had two officers "brace" Plaintiff up, and he hopped over 200 yards to the medical department. [Doc. #5, p.2] Plaintiff remained in the infirmary for six hours (overnight) until he was transported to LSU in the morning for x-rays. It was determined that Plaintiff's leg was broken, and a cast was placed on his leg.

### *Law and Analysis*

**I. Initial Review**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court must evaluate the complaint and dismiss it without service of process if it is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.

**II. Delay in Medical Care**

A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference *and* the delay results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). To state a claim of deliberate indifference to medical needs, the plaintiff must allege facts showing that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff's assertion that he had to wait six hours at the infirmary before being transported to LSU hospital does not clearly evince any deliberate dereliction or indifference by Horn. Plaintiff states that the altercation and slip-and-fall occurred at about 10:15 p.m. He was taken to the infirmary immediately

3

thereafter, and then transported to the ER in the morning. Plaintiff would have likely had to wait several hours at the LSU emergency room in the middle of the night had he been transported at that time.

Moreover, the defendant, shift supervisor Horn is not qualified to make medical decisions regarding Plaintiff's injuries. She saw to it that Plaintiff was brought to the medical department.[1] Plaintiff was examined by the medical staff and *they* placed him in observation until the morning. Defendant Horn's reliance on the medical opinions and decisions of the doctors, nurses, and practitioners does not amount to deliberate indifference. An inmate's disagreement with his medical treatment does not establish a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Finally, Plaintiff has not alleged that the purported six hours in observation resulted in substantial harm. He does not claim that the "delay" caused any further fracturing of the leg or worsening of his condition. Plaintiff's claim should be dismissed.

### III. Official Capacity

Even if Plaintiff had stated a claim for Eighth Amendment violation by Horn, his case should be dismissed. The Court ordered

---

[1] Although Horn did not provide Plaintiff with a wheelchair to take him to the infirmary, she had two guards "brace" him up to get him there. Moreover, according to evidence submitted by Plaintiff, he reported that his ankle was only sprained.

4

Plaintiff to state the name of each person who allegedly violated his rights. In his amended complaint, Plaintiff makes clear that he is only suing Horn and that she is named "as a captain at Winn Correctional facility in her official capacity...." [Doc. #5, p.1]

The Eleventh Amendment bars 1983 suits for monetary damages against a state official in her official capacity. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 609 n.10 (2001); Rogers v. Morales, 975 F.Supp. 856, 857 (N.D.Tex. 1997). In addition, "neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] §1983. See Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989).

Although WNC is operated by a private corporation, it is operated for the safety and welfare of the people of the state, as opposed to a local interest. See Citrano v. Allen Correctional Center, 891 F.Supp. 312 (W.D.La. 1995)(citing LSA R.S. 39:1800). Thus, suits against WNC employees, including Horn, in their *official* capacities, are barred by the Eleventh Amendment. Thus, Plaintiff could not recover damages from Horn for any violation in her official capacity.

## IV. Injunctive Relief

Although the Eleventh Amendment bars recovery of monetary damages from an official in her official capacity, it does not bar claims for prospective equitable relief based on alleged

unconstitutional actions of state officials. See <u>Aguilar v. Texas Dept. of Criminal Justice</u>, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing <u>Ex parte Young</u>, 209 U.S. 123 (1908)).

However, the injunctive relief requested here is that Defendant Horn be terminated from her employment. Federal courts are not prison managers. Ordinarily, courts accord great deference to the internal administrative decisions of prison officials. <u>Royal v. Clark</u>, 447 F.2d 501 (5th Cir. 1971); <u>Krist v. Smith</u>, 439 F.2d 146 (5th Cir. 1971); <u>Haggerty v. Wainwright</u>, 427 F.2d 1137 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." <u>Shaw v. Murphy</u>, 532 U.S. 223, 230 (2001); <u>Turner v. Safley</u>, 482 U.S. 78, 84-85 (1987). Plaintiff's request that the Court fire Defendant Horn should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED with prejudice**, for failing to state a claim on which relief may be granted, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have **fourteen (14) business days** from service of this report and recommendation to file specific, written objections with the clerk of court.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE